**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**CHAD AARON FOOTE,**

    Movant/Defendant,

vs.                                       **CIVIL NO.  06-0697 JC/DJS**
                                                     Criminal No.  05-860 JC

**UNITED STATES OF AMERICA,**

    Respondent/Plaintiff.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

    1.  This a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated as a result of his conviction for Possession With Intent to Distribute 5 Grams or More of Methamphetamine, contrary to 21 U.S.C. §841(a)(1), 21 U.S.C. §841(b)(1)(B) and 18 U.S.C. §2. Movant pleaded guilty to that crime and was sentenced to sixty months. Movant did not file a direct appeal. His plea agreement included a waiver of his right to appeal his conviction and any sentence within the statutory maximum as well as a waiver of his right to seek collateral relief pursuant to §2255 except on the issue of ineffective assistance of counsel.

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

United States v. Chad Aaron Foote, 05-Cr-860 JC, Plea Agreement filed 5/16/05, p. 5 (Docket No. 19).

2.  By the instant motion Movant asserts that his attorney provided him with ineffective assistance of counsel by failing to move to suppress the drugs which formed the basis of his conviction. Respondent contends that the Movant's §2255 motion is not properly characterized as seeking relief on the basis of ineffective assistance of counsel and is thus procedurally barred. In the alternative, Respondent argues that Movant is not entitled to relief as he was not afforded ineffective assistance by his attorney.

3. In evaluating a claim of ineffective assistance of counsel, the Court must apply the standard announced in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). This standard requires him to show that his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, <u>Strickland</u>, 466 U.S. at 687-688, 694. In the context of a guilty plea, Movant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

4. The parties essentially agree on the following facts of the case. Petitioner was the passenger in a vehicle stopped at a permanent checkpoint on I-10 west of Las Cruces, New Mexico on January 24, 2005. The driver of the vehicle and one other occupant were in the front seat and Petitioner sat in the back seat. During the stop, the United States Border Patrol agent asked the occupants their citizenship and travel plans, noting that the other passenger became nervous and the driver stated that they were traveling from Casa Grande, Arizona, which was in fact the direction they were driving toward. The agent also asked the identity of the owner of the vehicle, which was

none of the occupants. The agent requested the driver's consent to inspect the vehicle with a narcotics canine, which the driver eventually gave despite protesting he was not the owner. At the secondary inspection area, another agent noticed Petitioner trying to hide something inside a cap and a pair of gloves and told him to leave those items in the vehicle. The dog alerted to the vehicle and methamphetamine was found inside the cap and gloves. A revolver was found under the back seat as well and Petitioner admitted ownership of the gun. Petitioner argues that the events described above constituted an unreasonable seizure because the driver of the vehicle did not have the authority to consent to the seizure of Petitioner or the search of Petitioner's personal effects. Petitioner also contends that he was unlawfully ordered out of the vehicle and that the results of the search should have been suppressed.

5. Border patrol agents may stop, briefly detain, and question individuals at permanent border checkpoints without any individualized suspicion that the individuals are engaged in criminal activity. United States v. Massie, 65 F.3d 843, 847 (10th Cir.1995) (citing United States v. Martinez-Fuerte, 428 U.S. 543, 562 (1976)). A routine checkpoint stop includes "cursory visual inspection of the vehicle ... as well as brief questions concerning vehicle ownership, destination and travel plans if reasonably related to the agent's duty to prevent smuggling of contraband" United States v. Sukiz-Grado, 22 F.3d 1006, 1008 (10th Cir. 1994) (internal quotation omitted). Further, as long as the scope of the inquiry is appropriate, agents have virtually unlimited discretion to selectively refer vehicles to the secondary inspection area. Id. at 1009 (citations omitted). That referral does not require any particularized suspicion of criminal activity, either. Martinez-Fuerte, 428 U.S. at 563-64.

6. Petitioner's contention that his status as a passenger in the vehicle might somehow exclude him from suspicion or questioning is not supported by law. For instance, a bus and all its passengers

may be referred to secondary detention at a permanent checkpoint for questioning of each passenger. U.S. v. Hernandez, 7 F.3d 944, 946 (10th Cir. 1993). Further, the Border Patrol agent was not required to distinguish between suspicion raised by the driver's answer and other passengers. See, e.g., United States v. Kopp, 45 F.3d 1450, 1453-54 (10th Cir.1995) (considering the behavior of a passenger in the reasonable suspicion calculus); Segura v. United States, 468 U.S. 796, 815, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984) ("[E]vidence will not be excluded as 'fruit' unless the illegality is at least the 'but for' cause of the discovery of the evidence. Suppression is not justified unless the challenged evidence is in some sense the product of illegal governmental activity." (quotation omitted)). Once in secondary inspection area, Petitioner's behavior in trying to hide something within the hat and gloves contributed to the suspicious circumstances raised by the driver's nonsensical answers regarding travel plans.

7. Petitioner's argument that he was unlawfully ordered out of the vehicle is not supported by law, either. A "passenger *qua* passenger" has not reasonable expectation of privacy in a car that would permit his Fourth Amendment challenge to a search of the car. United States v. Lewis, 24 F.3d 79, 81 (10th Cir. 1994) (citing Rakes v. Illinois, 439 U.S. 128, 148-49 (1978)). The driver of the vehicle's consent to a dog sniff of the car was valid and Petitioner had no ground to refuse to exit the car during the following search. Given the lack of grounds for a motion to suppress, Petitioner's counsel was not ineffective for failing to file the motion. Only those motions having a solid foundation, not every motion need be filed in order to provide effective assistance of counsel. United States v. Afferblach, 754 F.2d 866, 870 (10th Cir. 1985). Petitioner cannot show prejudice from his attorney's failure to file a motion to suppress, as such a motion was not merited under the law and would have been unsuccessful. Accordingly, he cannot succeed on his §2255 motion, which should be denied.

**RECOMMENDED DISPOSITION:**

That the §2255 motion be dismissed with prejudice.

_____
**DON J. SVET
UNITED STATES MAGISTRATE JUDGE**